# ORIGINAL

FILED
U.S. DISTRICT COURT
DISTRICT OF NEW MEXICO

2016 JUL -5  PM 3: 34

CLERK-LAS CRUCES

# United States District Court
## District of New Mexico
## At Las Cruces

---

Crim. No. 2:13-cr-2152-RB-1
Civil No.

16CV782 RB/GJF

---

# UNITED STATES OF AMERICA,

*Plaintiff-Respondent,*

vs.

# ALEJANDRO LOPEZ,

*Defendant-Movant.*

---

### THE  HONORABLE ROBERT C. BRACK
### UNITED STATES DISTRICT JUDGE

---

### <u>COURT FORM AO-243</u>
### MOTION TO VACATE SENTENCE
### PURSUANT TO 28 U.S.C. § 2255

---

**ALEJANDRO LOPEZ**
**69409-051**
**P.O. Box 2038**
**Pecos, TX 79772**

## TABLE OF CONTENTS

**Page:**

Table of Contents.......................................................................... ii

**Court AO-243 Model Form** ....................................................... 1

Statement of Claim ...................................................................... 8

Claim Number One ...................................................................... 13

Claim Number Two ...................................................................... 14

Claim Number Three ................................................................... 15

Claim Number Four ..................................................................... 17

Allegation of Jurisdiction ............................................................ 19

Statement as to Waiver, Cause, and Prejudice ......................... 19

Judgment Requested ................................................................... 19

Motion for Discovery ................................................................... 20

Proffer .......................................................................................... 21

Motion for Appointment of Counsel ............................................ 21

Verification of Motion ................................................................. 22

Certificate of Filing...................................................................... 25

**APPENDIX OF FORMS**
**MODEL FORM FOR MOTIONS UNDER**
**28 U.S.C. § 2255**

**United States District Court** <u>District of New Mexico, At Las Cruces.</u>

**Name:** <u>Alejandro Lopez</u>

**Prisoner Number:** <u>69409-051.</u>

**Place of Confinement:** <u>P.O. Box 2038, Pecos, TX 79772.</u>

## United States of America,
## v.
## Alejandro Lopez,
## Movant.

### MOTION TO VACATE, SET ASIDE, OR CORRECT
### SENTENCE BY A PERSON IN
### FEDERAL CUSTODY

## <u>MOTION</u>

1.  **(a) Name and location of court which entered the judgment of conviction under attack:** <u>United States District Court, District of New Mexico, At Las Cruces.</u>
    **(b) Criminal docket or case number (if you know):** <u>Crim. No. 2:13-cr-2152-RB-1</u>
    <u>Civil No.</u>

2.  **(a) Date of the judgment of conviction (if you know):** <u>10-16-14</u>
    **(b) Date of sentencing:** <u>10-15-14.</u>

3.  **Length of sentence:** <u>60 months incarceration.</u>

4.  **Nature of offense involved (all counts):** <u>21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(B), 18 U.S.C. § 2 ("Possession with intent to Distribute 500 Grams and More of Cocaine, as charged in the Indictment") (Count 1).</u>

5.  **What was your plea? (Check one)**
    **(a) Not guilty** ........................[x]
    **(b) Guilty** .............................[]
    **(c) Nolo contendere** ..............[]

1

**If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?** N/A

6. **If you went to trial, what kind of trial did you have? (Check one)**
   **(a) Jury**.................................[x]
   **(b) Judge only** .....................[]

7. **Did you testify at a pretrial hearing, trial, or post-trial hearing?**
   **Yes [] No []**

8. **Did you appeal from the judgment of conviction?**
   **Yes [x] No []**

9. **If you did appeal, answer the following:**
   **(a) Name of court:** USCA 10
   **(b) Docket or case number (if you know):** 14-2192
   **(c) Result:** appeal denied
   **(d) Date of result (if you know):** 10-27-15.
   **(e) Citation to the case (if you know):** 2015 WL 6467954
   **(f) Grounds raised:** insufficient evidence
   **(g) Did you file a petition for certiorari in the United States Supreme Court?**
   **Yes [] No [x]**
         **If "Yes," answer the following:** N/A
         **(1) Docket or case number (if you know):**
         **(2) Result:**
         **(3) Date of result (if you know):** N/A
         **(4) Citation to the case (if you know):**
         **(5) Grounds raised:**

10. **Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?**
    **Yes [x] No []**

11. **If your answer to 10 was "yes," give the following information:**
    **(a)**   **(1) Name of court:** USDC New Mexico (this court)
          **(2) Docket or case number (if you know):** 2:13-cr-02152-RB-1
          **(3) Date of filing (if you know):** 5-16-16
          **(4) Nature of the proceeding:** 18 U.S.C. § 3582 motion.
          **(5) Grounds raised:** motion for 2 points reduction under Amendment 782 to the Sentencing Guidelines
          **(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes [] No []**
          **(7) Result:**
          **(8) Date of result (if you know):**

2

**(b) If you filed any second motion, petition, or application, give the same information:** N/A

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes [] No []

(7) Result:

(8) Date of result (if you know):

**(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?**

(1) First petition:.................. Yes [] No [x]

(2) Second petition:............. Yes [] No []

**(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:** The 18 U.S.C. § 3582 motion is still pending as of the time of preparation of this motion.

12.   For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:**   Ineffective Assistance Of Counsel During The Trial And Direct Appeal Process, When Counsel Failed To Make A Professionally Reasonable Argument, Using The Strongest Supporting Facts, To Demonstrate That The Evidence Was Insufficient To Find Mr. Lopez Guilty And That Perjured Testimony, False Evidence And Withheld Evidence Was The Basis Of The Jury's Verdict

**(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):** The facts supporting this ground are set forth in the "Statement of Claim" and Claim Number One on the attachments to this page. Mr. Lopez incorporates those facts by reference as if set forth in full herein.

**(b) Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes [] No [x]

(2) If you did not raise this issue in your direct appeal, explain why: The reasons for counsel's failures were not part of the record.

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes [] No [x]

3

(2) If your answer to Question (c)(1) is "Yes," state:
Type of motion or petition:
Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):
(3) Did you receive a hearing on your motion, petition, or application?:
     Yes [] No []
(4) Did you appeal from the denial of your motion, petition, or application?:
     Yes [] No []
(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
     Yes [] No []
(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed:
Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):
(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** Ineffective Assistance Of Counsel During The Pretrial Process, When Counsel Failed To Challenge The Failure Of The Record To Demonstrate That Mr. Lopez' Indictment Was Returned In Open Court

**(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):** The facts supporting this ground are set forth in the "Statement of Claim" and Claim Number Two on the attachments to this page. Mr. Lopez incorporates those facts by reference as if set forth in full herein.

**(b) Direct Appeal of Ground Two:**
    **(1) If you appealed from the judgment of conviction, did you raise this issue?**
        Yes [] No [x]
    **(2) If you did not raise this issue in your direct appeal, explain why:** The reasons for counsel's failures were not part of the record.
**(c) Post-Conviction Proceedings:**
    **(1) Did you raise this issue in any post-conviction motion, petition, or application?**
        Yes [] No [x]
    **(2) If your answer to Question (c)(1) is "Yes," state:**
Type of motion or petition:
Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):
    **(3) Did you receive a hearing on your motion, petition, or application?:**
        Yes [] No []
    **(4) Did you appeal from the denial of your motion, petition, or application?:**

Yes [] No []
**(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?**
Yes [] No []
**(6) If your answer to Question (c)(4) is "Yes," state:**
**Name and location of the court where the appeal was filed:**
**Docket or case number (if you know):**
**Date of the court's decision:**
**Result (attach a copy of the court's opinion or order, if available):**
**(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:**

**GROUND THREE:** Ineffective Assistance Of Counsel During The Trial And Sentencing Process, When Counsel Failed To Object To Or Appeal The District Court's Unlawful Instructions

**(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):** The facts supporting this ground are set forth in the "Statement of Claim" and Claim Number Three on the attachments to this page. Mr. Lopez incorporates those facts by reference as if set forth in full herein.

**(b) Direct Appeal of Ground Three:**
**(1) If you appealed from the judgment of conviction, did you raise this issue?**
Yes [] No [x]
**(2) If you did not raise this issue in your direct appeal, explain why:** The reasons for counsel's failures were not part of the record.
**(c) Post-Conviction Proceedings:**
**(1) Did you raise this issue in any post-conviction motion, petition, or application?**
Yes [] No [x]
**(2) If your answer to Question (c)(1) is "Yes," state:**
**Type of motion or petition:**
**Docket or case number (if you know):**
**Date of the court's decision:**
**Result (attach a copy of the court's opinion or order, if available):**
**(3) Did you receive a hearing on your motion, petition, or application?**
Yes [] No []
**(4) Did you appeal from the denial of your motion, petition, or application?:**
Yes [] No []
**(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?**
Yes [] No []
**(6) If your answer to Question (c)(4) is "Yes," state:**
**Name and location of the court where the appeal was filed:**
**Docket or case number (if you know):**
**Date of the court's decision:**

5

Result (attach a copy of the court's opinion or order, if available):
(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** Ineffective Assistance Of Counsel Due To Both The Individual And Cumulative Impact Of Multiple Deficiencies Or Errors By Counsel During The Pretrial, Trial, Sentencing And Direct Appeal Process

**(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):** The facts supporting this ground are set forth in the "Statement of Claim" and Claim Number Four on the attachments to this page. Mr. Lopez incorporates those facts by reference as if set forth in full herein.

**(b) Direct Appeal of Ground Four:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes [] No []
  (2) If you did not raise this issue in your direct appeal, explain why:
**(c) Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes [] No [x]
  (2) If your answer to Question (c)(1) is "Yes," state:
  Type of motion or petition:
  Docket or case number (if you know):
  Date of the court's decision:
  Result (attach a copy of the court's opinion or order, if available):
  (3) Did you receive a hearing on your motion, petition, or application?:
      Yes [] No []
  (4) Did you appeal from the denial of your motion, petition, or application?:
      Yes [] No []
  (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
      Yes [] No []
  (6) If your answer to Question (c)(4) is "Yes," state:
  Name and location of the court where the appeal was filed:
  Docket or case number (if you know):
  Date of the court's decision:
  Result (attach a copy of the court's opinion or order, if available):
  (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND Five:** Mr. Lopez' Conviction And Sentence Are Violative Of The First, Fourth, Fifth, Sixth, And Eighth Amendments To The Constitution.

**(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):** Mr. Lopez' Conviction And Sentence Are Violative Of His Right

6

<u>To Freedom Of Speech And To Petition, His Right To Be Free Of Unreasonable Search
And Seizure, His Right To Due Process Of Law, His Rights To Counsel, To Jury Trial,
To Confrontation Of Witnesses, To Present A Defense, And To Compulsory Process,
And His Right To Be Free Of Cruel And Unusual Punishment Under The Constitution.</u>

**(b) Direct Appeal of Ground** Five:

        **(1) If you appealed from the judgment of conviction, did you raise this issue?**
                Yes [] No []

        **(2) If you did not raise this issue in your direct appeal, explain why:**
        <u>Insufficient record and/or ineffective assistance of counsel.</u>

**(c) Post-Conviction Proceedings:**

        **(1) Did you raise this issue in any post-conviction motion, petition, or application?**
                Yes [] No []

        **(2) If your answer to Question (c)(1) is "Yes," state:**
        **Type of motion or petition:**
        **Docket or case number (if you know):**
        **Date of the court's decision:**
        **Result (attach a copy of the court's opinion or order, if available):**

        **(3) Did you receive a hearing on your motion, petition, or application?**
                Yes [] No []

        **(4) Did you appeal from the denial of your motion, petition, or application?:**
                Yes [] No []

        **(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?**
                Yes [] No []

        **(6) If your answer to Question (c)(4) is "Yes," state:**
        **Name and location of the court where the appeal was filed:**
        **Docket or case number (if you know):**
        **Date of the court's decision:**
        **Result (attach a copy of the court's opinion or order, if available):**

        **(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:**

7

## STATEMENT OF CLAIM

1.)   Pursuant to Title 28, United States Code, Federal Rules of Civil Procedure 8-11, and Rule 2 of the Rules Governing Section 2255 Proceedings, Defendant-Movant Alejandro Lopez, 69409-051, states the following claims for relief under 28 U.S.C. § 2255.

2.)   These claims for relief incorporate the attached Section 2255 Model Court Form, as well as the information contained therein as if set forth in full herein.

3.)   On or about 6-19-13 Alejandro Lopez was charged with violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(B), 18 U.S.C. § 2 (Possession with intent to distribute "500 grams and more of a mixture and substance containing a detectable amount of cocaine" on or about 9-27-12) (Count 1). (Appendix, Exhibits A) (Appendix, Exhibits B) (Appendix, Exhibits C)[1]

4.)   These charges arose from allegations that he was knowingly and criminally involved in a police 'sting' operation whereby a confidential informant ("CI") attempted to purchase some cocaine from Mr. Lopez' brother.

5.)   There is no indication in the record that Mr. Lopez' indictment was returned in "open court". The docket record merely shows the following entry:

```
06/19/2013 34   REDACTED INDICTMENT as to Alejandro Lopez (1)
count(s) 1. (vrd) (Entered: 06/20/2013)
```

(Appendix, Exhibits C)

6.)   He was arraigned on or about 7-3-13 at which time he pleaded not guilty to the charged violations. (Appendix, Exhibits A) (Appendix, Exhibits B) (Appendix, Exhibits C)

7.)   No motion to suppress was filed or litigated.

8.)   On or about 9-16-13 Mr. Lopez proceeded to trial. (Appendix, Exhibits C)

8

9.)    At trial, the evidence was riddled with lies, half-truths, inconsistencies, innuendoes, inferences from inferences and questionable circumstantial evidence to try to falsely prove that Mr. Lopez had possession of the cocaine and was knowingly involved in the cocaine 'sting' operation. The lies, half-truths, inconsistencies, innuendoes, inferences from inferences and questionable circumstantial evidence hereinafter more fully appear:

Txp 9-16-13, Page 29-30: Dimatteo mentions that he documents the exact time in his reports. He creates reports with all small details (but later on he testifies that Mr. Lopez admitted to the crime. He doesn't have that info in his police report so he is obviously lying cause he writes detailed reports! Down to the minute.) Txp 9-16-13, Page 35: (note: Eddy is Mr. Lopez' brother co-defendant) Eddy is witnessed putting a package into his CS vehicle. "I'm not in that picture: Eddy has the package tucked in his pants when Mr. Lopez picked him up. Mr. Lopez doesn't know that! Txp 9-16-13, Page 43-44: The package has a hole in it. Note: They kept Mr. Lopez' truck for about 1 month they found nothing illegal in it. When Mr. Lopez got his truck back it was a mess. They took the panels apart! If the package was leaking and it was in Mr. Lopez' truck they would've found traces of cocaine in Mr. Lopez' truck. They searched Mr. Lopez' whole truck probably put dogs in there too! Txp 9-16-13, Page 48-49: Dimatteo testifies that the investigation targets Angel Torres & Eddy Lopez: Dimatteo says all are involved. (Note: There is a question on Page 48 about a state detective authorizing prosecution It's a very odd question: He doesn't work for the United states.) Txp 9-16-13, Page 50: (Note: "Ms Basset FBI agent" was never brought to the stand) Defense counsel, Almanza, asks if confessions have to be recorded. Dimatteo says there was no recording. This was a lie. Ms Basset was taking notes and had a recorder. When Mr. Lopez was at the FBI office, in a room being interrogated, the FBI would have had a video for that but since it would obviously hurt their case they say there is no recordings of it. Txp 9-16-13, Page 51-52: Anthony, NM, where Mr. Lopez lived apparently has a lot of drug dealers. There was no evidence that Mr. Lopez associated with any of them. It is alleged, on information and belief, that police used the investigation in Anthony to indict Mr. Lopez as part of it! Txp 9-16-13, Page 82-83: (Note: Later testimony will be that they didn't find anything illegal in Mr. Lopez' truck nor any numbers or calls to any drug dealers on Mr. Lopez' phone.) Txp 9-16-13, Page 54: Mr. Lopez' confession was condensed in a paragraph. The officer didn't document that Mr. Lopez told him initially that he was following the guy to give a quote on a job site. (Note: There is a recording but it is tampered with. Magically it is only distorted when Mr. Lopez talks about the job.) That is the only time that Mr. Lopez is around. (Note: This is a deal that they have been preparing for a while

---

[1] This refers to the Appendix of Exhibits attached to the memorandum in support of this motion which is filed simultaneously with this motion.

and Mr. Lopez is not mentioned in their briefing. Later, there is testimony of this by FBI agent Acee & Narcotics agent Johnston) **Txp 9-16-13, Page 54**: Dimatteo testifies that Mr. Lopez asked to speak to his brother. That's not true. Mr. Lopez told police to speak to his brother cause Mr. Lopez didn't know what was going on. When police went to interrogate Mr. Lopez' brother he told them what went on & that Mr. Lopez   wasn't involved. That's why police are hiding the recordings. **Txp 9-16-13, Page 55-56**: Dimatteo admits Mr. Lopez' fingerprints aren't on the package. **Txp 9-16-13, Page 64,65, 66 Exhibit 15**: Pictures introduced where drugs are being placed on the informants car. Mr. Lopez is not in that picture. **Txp 9-16-13, Page 66**: Dimatteo testifies that Eddy retrieved the cocaine and he is the one that put it in informant's car. (Note: Later testimony shows that Eddy has it tucked in his pants.) **Txp 9-16-13, Page 67**: Dimatteo admits that they never saw Mr. Lopez picking up any drugs. **Txp 9-16-13, Page 68-67-70-71**: Dimatteo testifies that police found drugs and a lot of money on Eddy & nothing illegal on Mr. Lopez or in his truck and did not find any drug dealers numbers on Mr. Lopez' phone. (Note: Police kept Mr. Lopez' truck for 1 month, Mr. Lopez' cellphone for two weeks & that nothing was found. **Txp 9-16-13, Page 72**: Dimatteo is lying about the interrogation. Dimatteo says that they never saw Mr. Lopez  in their surveillance. **Txp 9-16-13, Page 72-75**: Dimatteo admits that he didn't document about the package or other important questions. ("talking about standard operation procedures") **Txp 9-16-13, Page 74-75**: Dimatteo admits that he didn't write a supplemental report, regarding the questions that counsel just asked. **Txp 9-16-13, Page 82 – 83**: Johnston testifies contrary to prior testimony. **Txp 9-16-13, Page 85-86**: Johnston is asked if he was at the briefing led by Dimatteo. He says, "yes". Johnston testifies that he was assigned to surveille Eddy's house. **Txp 9-16-13, Page 87-88**: Johnston testifies that he observed Eddy walking to the corner of church street close to the baseball park then he started walking back to his house until Mr. Lopez picked him up. Johnston testifies  that Mr. Lopez went  straight to Eddy's house. This is contrary to Dimatteo's testimony that Mr. Lopez picked Eddy up at his house. The two testimonies are irreconcilable and totally contradictory. **Txp 9-16-13, Page 91**: Johnston testifies that he was at the briefing & Mr. Lopez' name was never mentioned. (Note:   Later on Acee will say the same thing. Contradicting Dimatteo's testimony, Dimatteo is obviously lying.) **Txp 9-16-13, Page 92**: Defense counsel Almanza asks Johnston if it was possible that Eddy had the drugs tucked behind his pants. Johnston replies, "I guess". **Txp 9-16-13, Page 96**: Acee testifies about getting the drugs fronted wait to get sold then pay the money at a later time. (Note: How can they say that Mr. Lopez told them that he was picking up money when they know it's not there?) "Nobody documents that Mr. Lopez is supposed to pick up money. This is an obvious lie. **Txp 9-16-13, Page 104**: Mr. Acee testifies it's the first time he has seen Mr. Lopez. Acee: "There is a lot of drugs investigations in my town. I don't associate with drug dealers." **Txp 9-16-13, Page 105**: Acee testifies that Eddy gets out of Mr. Lopez' truck & opens the rear door of the CI's car. (Note: Apparently, Eddie has the Kilo tucked in his pants.) **Txp 9-16-13, Page 108**: Acee testifies that the CI works in construction. In fact, that's how Mr. Lopez  knew the guy. Mr. Lopez thought he was following

10

him to give a quote. Mr. Lopez told them that repeatedly in his interrogation! **Txp 9-16-13, Page 111**: Acee testifies that he didn't take possession of the kilo right away cause it was a state prosecution. (Note: on cross-examination Mr. Dimatteo says that the kilo was turned over to Mr Acee almost immediately. They've lied all through the trial.) **Txp 9-16-13, Page 117-118**: Mr Acee Describes Mr. Lopez' interview as a frustrating waste of time. At this time in telling them that Mr. Lopez is following a guy to give him a quote on a job, Mr. Lopez has no idea that the guy has a kilo in his car until police start yelling at him and telling him not to act stupid. Then the police tell Mr. Lopez that he put a package of drugs in the CI's car & Mr. Lopez denies it. Mr. Lopez doesn't know what's going on at this point. **Txp 9-16-13, Page 118**: Mr. Lopez tells police that he's going to Las Cruces to scout a construction job **Txp 9-16-13, Page 120**: Acee testifies, however, that Mr. Lopez confessed. That testimony is a lie. This is clear from earlier testimony where he said Mr. Lopez' interview was a waste of time. Here, he is contradicting his own testimony. **Txp 9-16-13, Page 124**: Acee testifies that Eddy gets off Mr. Lopez' truck carrying a package. This contradicts other testimony. (Note: They are taking pictures, it's a pretty long walk to go around my truck to the CI's car) **Txp 9-16-13, Page 125-126**: Acee admits Mr. Lopez' name was never mentioned in their briefing. This contradicts Mr. Dimatteo's earlier testimony where he testified that Mr. Lopez was going to be involved.

(See Transcript of Trial, 9-16-13) (CR 75)[2]

10.)    The testimony of Witnesses Dimatteo and Acee was material to the *conviction* of Mr. Lopez.

11.)    In the Court's instructions to the jury, the Court read the indictment but then failed to instruct the jury how to determine what was or was not "a mixture and substance containing a detectable amount of cocaine". (CR 67)

12.)    On 9-18-13, Mr. Lopez was found guilty by the jury as to violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(B), 18 U.S.C. § 2. More specifically, the verdict read that the jury found Mr. Lopez guilty of "Possession with intent to distribute 500 grams and more of cocaine, as charged in the Indictment". This was in spite of the fact that the indictment charged "defendant, ALEJANDRO LOPEZ, unlawfully, knowingly and intentionally possessed with intent to distribute a controlled substance, 500 grams and more of a mixture and substance

11

containing a detectable amount of cocaine." (CR 34) The verdict completely omitted the "mixture and substance" language of the indictment. Consequently, there was no lawful finding of the drug quantity, charged in indictment, by the jury. *Id*.

13.)   On 10-15-14, Mr. Lopez appeared for sentencing. At sentencing, the district court found that, as packaged, the drugs involved in Mr. Lopez' case weighed 1,021 grams with packaging and the total weight of the drugs without packaging was 794 grams. This would correspond to a Total Offense Level of 26. With a Criminal History of "I", the court found Mr. Lopez' guideline sentencing range was ostensibly 63-78 months. Mr. Lopez was, however, sentenced to the statutory mandatory minimum of 60 months of 21 U.S.C. § 841(b)(1)(B).

14.)   On 10-15-14, Mr. Lopez was sentenced to 60 months incarceration for violations of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(B), 18 U.S.C. § 2 (Possession with Intent to Distribute 500 grams and more of a mixture and substance containing a detectable amount of cocaine on or about 9-27-12) (Count 1). This sentence represented the statutory mandatory minimum of 21 U.S.C. § 841(b)(1)(B). The sentencing findings of the Court, including the judicial fact-finding which determined Mr. Lopez' statutory mandatory minimum, were made by the court, not by a jury, and were made under the "preponderance of evidence" standard. (Appendix, Exhibits A) (Appendix, Exhibits B) (Appendix, Exhibits C)

15.)   The sentence received by Mr. Lopez included and necessarily involved an increase in his statutory mandatory minimum sentence based upon by facts not submitted to a jury, and not proven beyond a reasonable doubt or admitted by Mr. Lopez.

16.)   Counsel filed a direct appeal..

---

[2] This refers to the district court clerk's record, entry #75.

17.)     In the appeal, while counsel argued that the evidence was insufficient, counsel did not emphasize the facts detailed in paragraph 9 of this motion.

18.)     On 10-27-15, the Court of Appeals denied Mr. Lopez' direct appeal. *United States v. Alejandro Lopez*, 630 Fed. Appx. 802; 2015 U.S. App. LEXIS 18703 (10th Cir. 10-27-15). (Appendix, Exhibits D)

19.)     No Petition for Writ of Certiorari was timely filed with the Supreme Court.

20.)     It is significant that Mr. Lopez had no prior "Criminal History". Even his conduct *charged* in this case was an aberration, totally out of character, and inconsistent with all of his prior conduct in his life.

21.)     Mr. Lopez provided counsel with complete and accurate information and did not place any restrictions on counsel.

22.)     Mr. Lopez relied completely and in all material respects on the advice of counsel.

23.)     Mr. Lopez is "actually innocent" of the sentence imposed and for which he is presently "in custody".

## CLAIM NUMBER ONE

24.)     Mr. Lopez restates, repleads, and realleges the facts, pleadings, and allegations set forth in ¶¶1-23 herein.

25.)     Mr. Lopez' conviction and/or sentence is violative of his Sixth Amendment constitutional right to effective assistance of counsel in the trial and direct appeal process as hereinafter more fully appears.

26.)     Counsel could have but did not make a professionally reasonable argument, using the strongest supporting facts, including the facts set forth in paragraph 9 of the Statement of

13

Claim, to demonstrate that the evidence was insufficient to find Mr. Lopez guilty and that perjured testimony, false evidence and withheld evidence was the basis of the jury's verdict

27.)    Counsel's omissions set forth in ¶26 were not the result of reasoned decisions based on strategic or tactical choices among all plausible options available to counsel for the defense of Mr. Lopez during the trial and direct appeal process.

28.)    Counsel's omissions set forth in ¶¶26- were the result of counsel's abdication of the duty and responsibility to advocate Mr. Lopez' case and cause during the trial and direct appeal process.

29.)    Mr. Lopez was prejudiced from the unprofessional omissions of counsel, set forth in ¶¶26-28 because, absent said omissions, there is a reasonable probability that the outcome of his trial and direct appeal process would have been different. More specifically, but for counsel's unprofessional omissions there is a reasonable probability that either Mr. Lopez' motion for acquittal (CR 80) would have been granted or else his direct appeal would have been granted and he would have been ordered acquitted.

30.)    Mr. Lopez was prejudiced from the unprofessional omissions of counsel, set forth in ¶¶26-28 because said omissions undermine confidence in the reliability of his trial and direct appeal process.

## CLAIM NUMBER TWO

31.)    Mr. Lopez restates, repleads, and realleges the facts, pleadings, and allegations set forth in ¶¶1-23 herein.

32.)    Mr. Lopez' conviction and/or sentence is violative of his Sixth Amendment constitutional right to effective assistance of counsel in the pretrial process as hereinafter more fully appears.

14

33.)     Counsel could have but did not challenge the failure of the record to demonstrate that Mr. Lopez' indictment was returned in open court. More specifically, counsel could have but did not move for dismissal of Mr. Lopez' indictment on the grounds that the record failed to demonstrate that it was returned in open court.

34.)     Counsel's omissions set forth in ¶33 were not the result of reasoned decisions based on strategic or tactical choices among all plausible options available to counsel for the defense of Mr. Lopez during the pretrial process.

35.)     Counsel's omissions set forth in ¶33 were the result of counsel's abdication of the duty and responsibility to advocate Mr. Lopez' case and cause during the pretrial process.

36.)     Mr. Lopez was prejudiced from the unprofessional omissions of counsel, set forth in ¶¶33-35 because, absent said omissions, there is a reasonable probability that the outcome of his pretrial process would have been different. More specifically, but for counsel's unprofessional omissions there is a reasonable probability the Court would have dismissed the indictment against Mr. Lopez.

37.)     Mr. Lopez was prejudiced from the unprofessional omissions of counsel, set forth in ¶¶33-35 because said omissions undermine confidence in the reliability of his pretrial process.

## CLAIM NUMBER THREE

38.)     Mr. Lopez restates, repleads, and realleges the facts, pleadings, and allegations set forth in ¶¶1-23 herein.

39.)     Mr. Lopez' sentence is violative of his Sixth Amendment constitutional right to effective assistance of counsel in the trial and sentencing process as hereinafter more fully appears.

15

40.)    Counsel could have but did not object to the increase in Mr. Lopez' mandatory minimum sentence based upon facts which were not properly submitted to the jury.

41.)    Counsel could have but did not object to the sentencing Court's failure to instruct the jury as to the legal definition of a "mixture and substance containing a detectable amount of" the controlled substance alleged in the indictment, nor did counsel timely propose such an instruction or raise the failure to give such an instruction on direct appeal.

42.)    Counsel could have but did not argue on direct appeal that Mr. Lopez' sentence was violative of his Sixth Amendment constitutional right to notice and jury trial.

43.)    Counsel's omissions set forth in ¶¶40-42 were not the result of reasoned decisions based on strategic or tactical choices among all plausible options available to counsel for the defense of Mr. Lopez during the trial and sentencing process.

44.)    Counsel's omissions set forth in ¶¶40-42 were the result of counsel's **abdication** of the duty and responsibility to advocate Mr. Lopez' case and cause during the trial and sentencing process.

45.)    Mr. Lopez was prejudiced from the unprofessional omissions of counsel, set forth in ¶¶40-44 because absent said omissions, there is a reasonable probability that the outcome of his trial and sentencing process would have been different. More specifically, but for counsel's unprofessional omissions there is a reasonable probability that Mr. Lopez would have been sentenced to a substantially lower sentence without a mandatory minimum of 5 years or 60 months.

46.)    Mr. Lopez was prejudiced from the unprofessional omissions of counsel, set forth in ¶¶40-44 because said omissions undermine confidence in the reliability of his trial and sentencing process.

16

## CLAIM NUMBER FOUR

47.)     Mr. Lopez restates, repleads, and realleges the facts, pleadings, and allegations set forth in ¶¶1-46 herein.

48.)     Counsel unprofessionally failed to timely, properly, and effectively move for dismissal of the indictment on the grounds that it was not presented or returned by the grand jury in open court. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different; the indictment would have been dismissed on the grounds that it was not presented or returned by the grand jury in open court.

49.)     Counsel unprofessionally failed to timely, properly, and effectively move for suppression of evidence material to the conviction and/or sentence of Mr. Lopez and counsel could have but did not timely move for dismissal of the indictment. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different.

50.)     Counsel unprofessionally failed to investigate or present available, material, exculpatory evidence and testimony at trial and failed to timely object to the unlawful admission of evidence by the prosecution. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different.

51.)     Counsel unprofessionally failed to timely request appropriate jury instructions and to timely object to insufficient instructions. In final argument, counsel unprofessionally also failed to timely object to improper argument by the prosecution and/or to timely ask for curative instructions for the improper argument. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different.

17

52.) Counsel unprofessionally failed to investigate or present available evidence and legal authority material to the sentencing of Mr. Lopez. Counsel also unprofessionally failed to object to, unlawful, false and unreliable evidence used to determine Mr. Lopez' guideline sentencing range and ultimate sentence. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different.

53.) Mr. Lopez was prejudiced by the objectively unreasonable performance of counsel during the trial, sentencing and direct appeal process, when counsel failed to timely argue that Mr. Lopez was denied his Sixth Amendment constitutional rights by the increase in his mandatory minimum sentence by facts not submitted to a jury, and not proven beyond a reasonable doubt or admitted by Mr. Lopez. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different.

54.) Counsel unprofessionally failed to investigate or present the strongest issues available to Mr. Lopez for his direct appeal. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different.

55.) Mr. Lopez' counsel labored under an actual conflict of interest which adversely affected their performance during the pretrial, trial, sentencing and direct appeal process in this case. Counsel owed a 'duty' other than to Mr. Lopez. This duty was in conflict with the duty owed to Mr. Lopez. Counsel chose between the duties. This choice adversely affected the performance of counsel during the pretrial, trial, sentencing and direct appeal process.

56.) Mr. Lopez' conviction and/or sentence is violative of his Sixth Amendment constitutional right to effective assistance of counsel in the pretrial, trial, sentencing and direct appeal process due to both the individual errors and the multiplicity of errors by counsel as set forth herein.

18

## ALLEGATION OF JURISDICTION

57.)    This Court has jurisdiction to entertain, rule on the merits, and grant relief in Claims Number 1-4 under 28 U.S.C. § 2255 and the principles of *Strickland v. Washington*, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984), as construed in case law such as *United States v. Glover*, 531 U.S. 198; 121 S. Ct. 696; 148 L. Ed. 2d 604; 2001 U.S. LEXIS 639 (2001) and *Williams v. Taylor*, 120 S. Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837, **53-64; 146 L. Ed. 2d 389 (4-18-00).

## STATEMENT AS TO WAIVER, CAUSE, AND PREJUDICE

58.)    Mr. Lopez is is not precluded from raising his claims of ineffective assistance of counsel for the first time in this motion pursuant to 28 U.S.C. § 2255. *Massaro v. United States*, 123 S. Ct. 1690; 155 L. Ed. 2d 714; 2003 U.S. LEXIS 3243 (4-23-03) ("an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under Section 2255, whether or not the petitioner could have raised the claim on direct appeal").

## JUDGMENT REQUESTED

59.)    Pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings, Mr. Lopez asks this Honorable Court to **ORDER** an evidentiary hearing where he can prove the allegations herein by: (A) his own testimony; (B) the testimony of Attorneys Richard Esper and Steven Almanza; (C) the testimony of AUSA Edwin Garreth Winstead, III; (D) the testimony of Ernesto Dimatteo; (E) the testimony of Bryan Acee; (F) the testimony of Brian Johnston; (G) the testimony of FBI S/A Vanessa Basset; (H) additional evidence; and (I) legal argument to be presented at the hearing.

60.)    Upon proof of Mr. Lopez' allegations herein, Mr. Lopez asks this Honorable Court to:

**60A.) ORDER** that Mr. Lopez' conviction be **VACATED** and his indictment be **DISMISSED**; or,

**6OB.) ORDER** that Mr. Lopez' sentence be **VACATED** and that he be **RESENTENCED** to **TIME SERVED**.

### MOTION FOR DISCOVERY

61.)    Pursuant to Rule 6[3] of the Rules Governing Section 2255 Proceedings, Mr. Lopez asks leave of this Court to invoke the processes of discovery. More specifically, he asks this Honorable Court to **ORDER** that the witnesses set forth in ¶59 allow themselves to be deposed. The evidence developed through the foregoing depositions will materially support the allegations of Mr. Lopez, as to the "performance" of counsel, detailed and set forth herein.[4] More

---

[3] It should be noted that Rule 6(a) of the Rules Governing Section 2255 Proceedings provides for discovery under either Federal Rules of Civil Procedure 26-37 or under Federal Rule of Criminal Procedure 16. See J. Liebman and R. Hertz, *Federal Habeas Corpus Practice and Procedure*, § 41.6 [n. 2-3] (3rd Ed. 1998). In this respect, the Rules Governing Section 2255 Proceedings are distinct from the Rules Governing Section 2254 Proceedings because they allow additional discovery devices. *Id.*

[4] The Supreme Court's most recent review of "discovery" in habeas corpus proceedings was in *Bracy v. Gramley*, 520 U.S. 899, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997). In *Bracy v. Gramley*, the Supreme Court vacated a District Court and Court of Appeals denial of discovery in habeas corpus, 28 U.S.C. § 2254. The Supreme Court pointed out that Rule 6 of the Rules Governing 2254 Cases, prescribing discovery procedures in federal habeas corpus cases, is meant to be consistent with *Harris v Nelson*, 394 US 286, 22 L Ed 2d 281, 89 S Ct 1082 (1969), in which it was stated that where specific allegations before a federal court show reason to believe that a petitioner for federal habeas corpus relief may, if the facts are fully developed, be able to demonstrate entitlement to relief, it is the duty of the courts to provide the necessary facilities and procedures for an adequate inquiry. *Bracy v. Gramley*, 520 U.S. at 909. See also *United States v. Lara-Garcia*, 2008 U.S. Dist. LEXIS 88443 (SD TX 2008) (citing Rules Governing Section 2255 Proceedings, Rule 7(a)-(b) and granting motion to expand record); *United States v. Grimes*, 573 F. Supp. 1202; 1983 U.S. Dist. LEXIS 17532 (SD OH 1983) (same); *De Vincent v. United States*, 602 F.2d 1006; 1979 U.S. App. LEXIS 12875 (1st Cir. 1979) (denial of claim of unlawful indictment vacated and remanded because defendant's allegations sufficiently described violation and were not conclusively refuted by the record; Court of Appeals pointed out that the District Court "can order the government to supplement its answer … it can permit discovery … it can direct that the record be expanded … It can order a full transcript of the grand jury minutes, if it thinks this might be illuminating").

specifically, Mr. Lopez requests this Court to allow counsel to question Richard Esper and Steven Almanza as to the reasons for their failures complained of herein. Mr. Lopez also requests this Court to allow counsel to depose the other witnesses to support and demonstrate the truth of his allegations set forth in paragraph 9 of the Statement of Claim of this Section 2255 motion.

### PROFFER

62.) Mr. Lopez proffers to this Honorable Court that the foregoing depositions and/or evidentiary hearing will substantiate his allegations set forth in ¶¶9, 27-28, 34-35, 43-44.

### MOTION FOR APPOINTMENT OF COUNSEL

63.) Pursuant to Rule 6(a) and Rule 6(c) and Rule 8(c) of the Rules Governing Section 2255 Proceedings, Mr. Lopez asks that counsel be appointed for Mr. Lopez.[5]

---

[5] See *United States v. Leopard*, 170 F.3d 1013, 1015 (10th Cir. 1999) ("if an evidentiary hearing is required, the judge shall appoint counsel for a movant who qualifies for the appointment of counsel under 18 U.S.C. § 3006A."); *Bowman v. United States*, 2012 U.S. Dist. LEXIS 5231 (SD TX 1-17-12) (Court may appoint counsel for discovery); Rule 6(a) of the Rules Governing Section 2255 ("If necessary for effective utilization of discovery procedures, counsel shall be appointed by the judge for a movant who qualifies for appointment of counsel under 18 U.S.C. § 3006A(g)"); *ABA Ethics Committee Formal Opinion*, No. 10-456 (7-14-10) (prior attorney's disclosure of attorney client information in response to a prosecution request, prior to a court-supervised response by way of testimony or otherwise, unlikely to be justifiable).

21

## VERIFICATION

64.)    The facts set forth in ¶¶3-8, 10 herein are based on the personal knowledge of Mr. Lopez and are true and correct. The rest of the allegations are pleaded on information and belief.

65.)    The allegations set forth in "Ground Five" of the Model Form and set forth in ¶¶48-56 herein are alleged on information and belief but are also pleaded to protect the record for Mr. Lopez in the event of a change in law or new facts or circumstances which come to light during the litigation of this motion. To the extent that one claim may contradict another, Mr. Lopez invokes Fed.R.Civ.P. 8(d)(2).[6]

Signed under penalty of perjury under 28 U.S.C. § 1746 this _____ day of _____, 2016.

_____
**Alejandro López**
Defendant-Movant
69409-051
P.O. Box 2038
Pecos, TX 79772

---

[6] See Fed.R.Civ.P. 8(d)(2):

"Alternative Statements of a Claim or Defense. A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."

22

## MODEL FORM FOR MOTIONS UNDER
### 28 U.S.C. § 2255
### (Continued)

13. **Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:** See "Statement as to Waiver, Cause, and Prejudice", supra.

14. **Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? Yes [x] No []**

    **If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised:** This Court. It is a motion for 2 points reduction under Amendment 782 to the Sentencing Guidelines.

15. **Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:**

    **(a) At preliminary hearing:** Steven Almanza, P.O. Box 1660, Las Cruces, NM 88004

    **(b) At arraignment and plea:** Steven Almanza, P.O. Box 1660, Las Cruces, NM 88004

    **(c) At trial:** Steven Almanza, P.O. Box 1660, Las Cruces, NM 88004

    **(d) At sentencing:** Steven Almanza, P.O. Box 1660, Las Cruces, NM 88004 and Richard D. Esper, 801 North El Paso St., 2d Floor, El Paso, TX 79902

    **(e) On appeal:** Steven Almanza, P.O. Box 1660, Las Cruces, NM 88004 and Richard D. Esper, 801 North El Paso St., 2d Floor, El Paso, TX 79902

    **(f) In any post-conviction proceeding:** N/A

    **(g) On appeal from any adverse ruling in a post-conviction proceeding:** N/A

16. **Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes [] No [x]**

17. **Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes [] No [x]**

    **(a) If so, give name and location of court which imposed sentence to be served in the future:**

    **(b) Give the date the other sentence was imposed:** N/A

23

**(c) Give the length of the other sentence:** N/A

**(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes [] No []** N/A

18.     **TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion:** Mr. Lopez' judgment of conviction became final on 1-25-16 when the time expired for filing a Petition for Writ of Certiorari with the Supreme Court. This motion is filed within one year of that date.

**Therefore, movant asks that the Court grant the following relief:** Mr. Lopez asks the Court to VACATE his conviction and DISMISS the indictment or to VACATE his sentence and RESENTENCE him to TIME SERVED or a substantially reduced sentence.

**or any other relief to which movant may be entitled.**

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the facts set forth in ¶¶1-11, 13-17 of the Model Form are true and correct. The remaining allegations are pleaded on information and belief. The allegations set forth in "Ground Five" of the Model Form and set forth in ¶¶48-56 of the Statement of Claim herein are alleged on information and belief but are also pleaded to protect the record for Mr. Lopez in the event of a change in law or new facts or circumstances which come to light during the litigation of this motion. To the extent that one claim may contradict another, Mr. Lopez invokes Fed.R.Civ.P. 8(d)(2). I also declare under penalty of perjury that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on July 1st 2016 (month, date, year).

Executed (signed) on July 1st 2016 (date).

_____
(Signature of Movant)
**Alejandro Lopez**
**69409-051**
**P.O. Box 2038**
**Pecos, TX 79772**

24

# United States District Court
## District of New Mexico
## At Las Cruces

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 2:13-cr-2152-RB-1 |
| | ) | Civil No. |
| Plaintiff-Respondent, | ) | HON. ROBERT C. BRACK |
| | ) | MAG. |
| vs. | ) | |
| | ) | CERTIFICATE OF FILING |
| ALEJANDRO LOPEZ, | ) | |
| | ) | |
| Defendant-Movant. | ) | |

*   *   *   *   *   *   *   *   *   *

Pursuant to the principles of *Houston v. Lack*, 487 U.S. 266, 276 (1988), the attached motion pursuant to 28 U.S.C. § 2255 was filed with the Court on this date by depositing three copies of same into the prison mail collection box, in sealed envelopes, first class postage affixed and addressed to: **Clerk -- U.S. District Court, 100 N Church St, Las Cruces, NM 88001.**

I have read the foregoing and state that the facts are set forth upon personal knowledge and are true and correct.

Signed under penalty of perjury under
28 U.S.C. § 1746, this _15_ day
of _July_ 2016.

_Alex Lopez_
**Alejandro López**
69409-051
P.O. Box 2038
Pecos, TX 79772

25